UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CR-00065-AGF |
| | ) |
| JOHN KENNETH LOW, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.     PARTIES:**

The parties are the defendant John Kenneth Low, represented by defense counsel Diane Dragan, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2.     GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the charges of the Indictment, the United States agrees that no further federal prosecution will be brought in this District relative to the facts underlying the charges set forth in the Indictment, of which the Government is aware at this time.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The Government agrees to request a

sentence of one hundred and eighty months (180) months of imprisonment followed by a period of lifetime on supervised release and applicable restitution and assessments.  The parties further agree that the defendant may request any statutorily-available sentence that is within or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein.  The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

  The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all electronics, digital items and other items seized by law enforcement in the course of the investigation of the offenses giving rise to the charge and presently in the custody of law enforcement, including but not limited to a Motorola One 5G Ace cellular telephone, a Moto G5s Plus cellular telephone, a Hewlett-Packard laptop computer, a Samsung Galaxy cellular telephone, a Samsung SCH-1535PP cellular telephone, a Samsung SPH-P100 tablet, an Amazon tablet, a Hewlett-Packard tablet, a Western Digital external hard drive, a Seagate 1 TB hard drive, a Western Digital 320GB hard drive, two Western Digital 80 GB hard drives, three Western Digital 120GB hard drives, a Toshiba 1TB hard drive, an Intel USB drive, a DSR USB drive, a PNY USB drive, a PNY 8GB USB drive, a Diesel 4GB drive, and a 4GB USB drive. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3.      ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who had not attained the age of eighteen years (3) to engage in sexual activity (4) for which any person can be charged with a criminal offense and (5) did so utilizing the internet, a means of interstate and foreign commerce.

As to Count Two, the defendant admits to knowingly violating Title 18, United States Code, Section 2423(a), transportation with the intent to engage in criminal sexual activity, and admits there is a factual basis for the plea and further understands that the elements of the crime are (1) the defendant knowingly transported across one or more state lines and in interstate commerce, (2) an individual the defendant knew had not attained the age of eighteen years, 3) with the motivation, purpose and intent of engaging in one or more sexual acts with that individual (3) that such sexual acts are acts for which the defendant could be charged with criminal offenses in that the defendant knew such individual was under the age of fifteen years and at least five years younger than the defendant who was more than 21 years old.

As to Count Three, the defendant admits to knowingly violating Title 18, United States Code, Section 2423(b), travel with the intent to engage in illicit sexual conduct, and admits there is a factual basis for the plea and further understands that the elements of the crime are (1) the defendant knowingly traveled across one or more state lines and in interstate commerce, (2) with the motivation and purpose of engaging in one or more sexual acts with a person (3) that the

3

defendant believed was under the age of sixteen years and at least four years younger than the defendant.

**4.     FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On 24 January 2022, Riley County Police Department, located in Manhattan, Kansas, received a report of a missing juvenile whose initials are LG.  LG is 15 years of age, and left the residence without her cell phone. LG's mother provided electronic devices to Riley County Police which were then analyzed for any information about LG's disappearance. The police department was able to locate conversations on the electronics belonging to LG on a social media messaging application called "Discord," that LG had with a user whose username is "Markusd#1231."  The defendant was the individual using the "Markusd#1231" username and communicating via the internet with LG via Discord. In these communications, the defendant encourages and abets minor L.G. to run away from her family home and to live with him. These communications also involve the defendant providing instructions to L.G. on how to conceal her whereabouts such as erasing her cell phones memory and leaving it all behind with the purpose of frustrating her family's attempts and law enforcement efforts to locate her. LG and the defendant discussed the defendant coming to take LG from her home.  Among other things, the defendant asked LG "how many adults are usually watching over you" and "Are you free to go walking, or visit a friend?" The defendant further told LG that "You know when you go, you'd have to ditch all your friends and family plus likely delete your accounts."  The defendant also asked LG if she could pretend to go stay with a friend. When LG stated that her mother would

4

have to talk to the friend's parents, the defendant told LG that he could pretend to be the friend's parents.  The defendant also asked LG if her house had an alarm system and told her "So you can simply walk out when your mother is away, or sleeping." The defendant told LG that she could leave the house "under the cover of darkness."  The defendant inquired when LG's mother usually turned in and told LG "Id recommend being certain she's out." The defendant instructed LG to take a small bag or nothing at all, and told LG that he was 6 hours from her place. That day's conversation ended with the defendant telling LG "Spot between 1300 and 1316 Newfoundland Drive seems like best place for you to aim for" and "I was thinking of trying to get there a quarter to 1."  The next day, 23 January 2022, the defendant, also through internet-based communications, instructed LG to "wipe/factory reset your phone prior to leaving it behind." He advised that he was coming in a silver sedan. The defendant informed LG that he was there and she told him that she "…will be out in a minute."  The internet-based communications from the defendant to LG also included communications of a sexual nature.

On or about January 26, 2022, a search warrant was obtained from the District Court of Riley County, Kansas to obtain information pertinent to the investigation from the social media application Discord for information about the user "Markusd#1231." Discord returned information that the account was accessed by IP address 97.91.150.117, which is serviced by Spectrum. Through this information, the Riley County Police Department and the FBI were able to determine a possible suspect of John Low at a residence in Chesterfield, Missouri. A search of law enforcement databases showed a Hyundai Sonata, Missouri plate ZF9-P2H was registered to the defendant, John Low. Law enforcement queried license plate reader (LPR) data that indicated that license plate ZF9-P2H was seen in Kansas on 23 January 2022 at 2205 hours.

FBI St. Louis was notified that the victim could be at the defendant's residence in Chesterfield, Missouri.  FBI St. Louis observed the residence of the defendant in Chesterfield, Missouri, and located a Hyundai Sonata with Missouri license plate ZF9-P2H parked outside. Accompanied by Chesterfield Police, FBI agents knocked on door of the residence. The defendant answered the door. When asked if anyone else was inside, the defendant said, "I think her name is [LG's first name]."  Inside the defendant's residence, law enforcement located LG and determined that LG had been sleeping on a bed that had been set up in a corner of the basement. Multiple of LG's personal effects were located in the immediate area of the bed along with bondage items sexual in nature.

Between January 24, 2922, and January 26, 2022, the defendant picked LG up from outside her home near her residence in the State of Kansas.  The defendant drove her to his residence in St. Louis County, Missouri, where the defendant had sexual contact with LG, penetrating her vagina with both his fingers and his penis without using a condom.  The defendant knew that LG was fifteen years of age at the time he communicated with her via internet-based communications and when he had sexual contact with her. LG remained at the defendant's residence for three days during which time she saw only the defendant. During this time the defendant requested that LG wear a dog collar after which the defendant subjected LG to unprotected sexual intercourse. At the time LG was located in the basement of the defendant's residence, she was wearing the dog collar around her neck.

The defendant was interviewed by FBI and reported that he met LG on a website called "Omegle". On this website, people with the same "interests" are matched up randomly.  The defendant reported that the common "interest" that both he and LG had put down was "#runaway".  The defendant admitted that he drove to Kansas from Missouri and picked LG up.

Initially, the defendant denied that any sexual activity or conversations occurred between him and LG.  FBI showed the defendant his text message that he sent to LG asking if she knew what a "Daddy/dom" relationship was, and if she knew what "collaring" was.  When confronted about that sexual conversation, the defendant admitted that he did view daddy/dom sexual materials and was sexually aroused by it.  A search of the defendant's house found handcuffs and restraints, which were seized as evidence.

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5.      **STATUTORY PENALTIES:**

The defendant fully understands that for Count One, the possible penalty provided by law for the crime of coercion and enticement of a minor in violation of 18 U.S.C. §2422(b), to which the defendant is pleading guilty, is imprisonment for a period of not less than ten (10) years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five (5) years nor more than life.

The defendant fully understands that for Count Two, the possible penalty provided by law for the crime of transportation with the intent to engage in criminal sexual activity in violation of 18 U.S.C. §2423(a), to which the defendant is pleading guilty, is imprisonment for a period of not less than ten (10) years or for life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five (5) years nor more than life.

The defendant fully understands that for Count Three, the possible penalty provided by law for the crime of travel with the intent to engage in illicit sexual conduct in violation of 18 U.S.C. §2423(b), to which the defendant is pleading guilty, is imprisonment for a period of not more than thirty (30) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five (5) years nor more than life.

Per 18 U.S.C. §§ 2429, 3663 and 3663A, defendant fully understands that, in addition to other civil or criminal penalties provided by law, the Court shall order restitution directing the defendant to pay the victim (through appropriate Court mechanism) the full amount of her losses as determined by the Court that were incurred or are reasonably projected to be incurred by the victim.

Per 18 U.S.C. §3014, defendant fully understands that, in addition to other civil and criminal penalties provided by law, the Court shall order a special assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (related to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. 2422(b)).

Per 18 U.S.C. §3013, defendant fully understands that, in addition to other civil and criminal penalties provided by law, the Court shall order a special assessment of $100 per count of conviction.

**6.      U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

 **A.** **Offense Conduct:**

 **(1)** **Count One, Coercion and Enticement of a Child:**

 **a.** **Chapter 2 Base Offense Level**: The parties agree that the base offense level is 28, as found in Section 2G1.3(a)(3).

 **b.** **Chapter 2 Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

 (i) two (2) levels should be added pursuant to 2G1.3(b)(1)(B) because the minor was in the custody, care, or supervisory control of the defendant,

 (ii) two levels should be added pursuant to 2G1.3(b)(2)(A) because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct,

 (iii) two (2) levels should be added pursuant to 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer and solicit a person to engage in prohibited sexual conduct with the minor, and

 (iv) two (2) levels should be added pursuant to 2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.

 **(2)** **Count Two, Transportation with the Intent to Engage in Criminal Sexual Activity:**

 **a.** **Chapter 2 Base Offense Level**: The parties agree that the base offense level is 28, as found in Section 2G1.3(a)(3).

 **b.** **Chapter 2 Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

        (i) two (2) levels should be added pursuant to 2G1.3(b)(1)(B) because the minor was in the custody, care, or supervisory control of the defendant,

        (ii) two levels should be added pursuant to 2G1.3(b)(2)(A) because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct,

        (iii) two (2) levels should be added pursuant to 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer and solicit a person to engage in prohibited sexual conduct with the minor, and

        (iv) two (2) levels should be added pursuant to 2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.

**(2)**     **Count Three, Travel with the Intent to Engage in Illicit Sexual Conduct:**

    **a.**     **Chapter 2 Base Offense Level**: The parties agree that the base offense level is 24, as found in Section 2G1.3(a)(4).

    **b.**     **Chapter 2 Specific Offense Characteristics**: The parties agree that the following Specific Offense Characteristics apply:

        (i) two (2) levels should be added pursuant to 2G1.3(b)(1)(B) because the minor was in the custody, care, or supervisory control of the defendant,

        (ii) two levels should be added pursuant to 2G1.3(b)(2)(A) because the offense involved the knowing misrepresentation of a participant's identity to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in prohibited sexual conduct,

10

(iiI) two (2) levels should be added pursuant to 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to entice, encourage, offer and solicit a person to engage in prohibited sexual conduct with the minor, and

(iv) two (2) levels should be added pursuant to 2G1.3(b)(4)(A) because the offense involved the commission of a sex act or sexual contact.

    **B.**    **Chapter 3 Adjustments:**

(1)    The offense level is thirty-six (36) as to Counts One and Two, and thirty-two (32) as to Count Three.  Pursuant to 3D1.2, the parties agree that Counts One, Two and Three do Group and the combined offense level as per 3D1.1, 3D1.3 and 3D1.4 is thirty-six (36),

(2)    The parties agree that three (3) levels should be deducted pursuant to 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **C.**    **Chapter 4 Adjustments**: The parties agree that each party reserves the right to argue that five (5) levels should or should not be added pursuant to 4B1.5(b)(1), because the defendant engaged in a pattern of activity involving prohibited sexual conduct.

11

  **D.** **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is thirty-eight (38) if section 4B1.5(b)(1) is found to apply or thirty-three (33) if Section 4B1.5(b)(1) is not found to apply.

  **E.** **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **F.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a.** **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **(1)** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

   **(2)** **Sentencing Issues:** In the event the Court accepts the plea and sentences the defendant to a term of imprisonment of not more than one hundred and eighty (180) months,

then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant to a sentence of at least one-hundred and eighty (180) months of imprisonment.

      **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

      **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

      **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

      **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

      **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the

13

crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d.** **<u>Mandatory Special Assessment:</u>** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (related to

transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. 2422(b)).

      **e.**      **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **f.**      **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663, 3663A and 2429, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2429. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2429 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

**9.**      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the

attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to

16

the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.     CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.     NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

| | |
|---|---|
| 8/5/2022<br>Date | *Jillian S. Anderson*<br>Jillian S. Anderson #53918MO<br>Assistant United States Attorney |
| 7-20-22<br>Date | *John Low*<br>John Kenneth Low<br>Defendant |
| 8.5.22<br>Date | *Diane Dragan*<br>Diane Dragan<br>Attorney for Defendant |

18